**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

---

RAUL JUNIOR CELEDONIO ROSARIO          CIVIL ACTION NO. 26-913

VERSUS                                 JUDGE ALEXANDER C. VAN HOOK

BRIAN ACUNA, ET AL.                    MAG. JUDGE KAYLA D. MCCLUSKY

---

## <u>MEMORANDUM RULING</u>

Raul Junior Celedonio Rosario ("Rosario"), a citizen of the Dominican Republic, entered the United States on a tourist visa and remained here, unlawfully, after his visa expired. Rosario was detained and then applied for asylum and withholding of removal. After his detention, on a Friday, an immigration judge granted him bond and ordered him released. But three days later, a Monday, a different immigration judge denied his applications and ordered him removed to a third-country, Ecuador. Because of this change in circumstance, the Department of Homeland Security ("DHS") revoked Rosario's bond. For the following reasons, the Court finds that DHS had statutory authority to revoke Rosario's bond, declines to adopt the Magistrate Judge's Report and Recommendation, and stays this proceeding until further order of the Court.

### Background

On January 3, 2023, Rosario entered the United States in Newark, New Jersey on a six-month tourist visa. Record Document 1 at 8. Even though his visa expired on July 2, 2023, Rosario has remained in the United States without permission from

1

DHS. *See* Record Document 7-1 at 1. Almost three years after his visa expired, DHS encountered Rosario, issued a notice to appear, and detained him. *See id.*

After his detention, Rosario challenged his removal. Rosario filed a Form I-589 application for relief, seeking asylum based on his fear of persecution in his native country. Record Document 1 at 10. On January 21, 2026, DHS filed a motion to pretermit Rosario's asylum application based on the Safe-Third Country Asylum Cooperative Agreement with Ecuador. *Id.*

While DHS's motion remained pending, Rosario sought release from DHS custody. Record Document 1 at 10. On January 30, 2026, a Friday, an immigration judge held a hearing and granted Rosario release on a $10,000 bond. Record Document 7-4 at 1. But three days later, on February 2, 2026, a different immigration judge granted DHS's motion and denied Rosario's asylum application because he had been designated for removal to Ecuador, rather than the Dominican Republic where he feared persecution. Record Document 7-2 at 3. Rosario was also ordered removed to Ecuador. *Id.*

After denial of asylum and entry of the removal order, DHS revoked Rosario's bond. Record Document 10 at 2-3. For his part, Rosario appealed the immigration judge's order, which is pending before the Board of Immigration Appeals, and filed a petition for writ of habeas corpus. Record Document 1 at 9, 24. The Magistrate Judge issued a Report and Recommendation, granting the habeas petition. Record Document 9. Among other things, the Magistrate Judge found that DHS could not

revoke Rosario's bond because no change in circumstance had occurred. *Id*. at 4-5. DHS has objected to the Report and Recommendation. Record Document 10.

### Standard

The district court must review a magistrate judge's decision de novo when a party has objected. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). In conducting a de novo review, the district court examines the entire record and makes its own independent assessment of the law. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) ("[T]he statutory obligation of the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made is not satisfied by a mere review of the magistrate's report itself.").

### Analysis

The parties agree that Rosario has been detained under 8 U.S.C. § 1226. *See, e.g.*, Record Document 10 at 3 ("The Magistrate Judge was correct in her determination that [Rosario] is detained under INA 236(a) since he is a visa overstay and is eligible for discretionary detention."); Record Document 11 at 2 ("[DHS] expressly concede that [Rosario] remains detained pursuant to § 1226(a) while his BIA appeal is pending."). In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the United States Court of Appeals held that § 1226 applied to "admitted aliens who overstay or violate the terms of their visas…" 166 F.4th at 499. Here, because Rosario overstayed a tourist visa, the Court concurs that § 1226 governs his continued detention.

## I.    Statutory Relief

8 U.S.C. § 1226(a) allows, but does not require, DHS to release a detained alien on bond. *Buenrostro-Mendez*, 166 F.4th at 499. Just as Congress granted DHS authority to release a detained alien on bond, it also gave DHS the discretion to revoke that same bond. 8 U.S.C. § 1226(b) states that DHS "at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." The plain language of this statute makes clear that DHS has "broad authority to revoke a bond, even one issued by an immigration judge." *See, e.g.*, *Salvador F.-G. v. Noem*, No. 25-243, 2025 WL 1669356, at *8 (N.D. Okla. June 12, 2025) (recognizing DHS has the authority to revoke a bond issued by an immigration judge).

The implementing regulations, 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9), also preserve the discretion of DHS to revoke a detained alien's bond: "[w]hen an alien who, having been arrested and taken into custody, has been released, such release *may be revoked at any time* in the discretion of [DHS], in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding *bond shall be revoked* and canceled."

In this case, the Court finds that DHS acted within its statutory discretion when it revoked Rosario's bond. 8 U.S.C. § 1226(b), by its plain language, permits the agency to "at any time revoke a bond" of the detained alien. Congress has vested DHS with that broad authority, and this Court will not interfere with the exercise of its power.

Nevertheless, Rosario argued, and the Magistrate Judge has agreed, that DHS must prove a "change in circumstance" occurred before it could exercise its statutory authority to revoke his bond. *See, e.g.*, Record Document 9 at 5 ("There are no 'changed circumstances' in other words."); Record Document 11 at 2 (arguing no change in circumstance occurred because the "Ecuador removal order is not administratively final[.]").

There is no statutory basis for requiring a "change in circumstance" before DHS can revoke an alien's bond under 8 U.S.C. § 1226(b). As the court in *Salvador F.-G.* explained: "[n]othing in the statute or the regulation even hints at a change in circumstances requirement…[, and] the Court has no authority to read that requirement into the clear and unambiguous language of the statute." 2025 WL 1669356, at *9. The Court finds that reasoning persuasive and declines to require that DHS show a change in circumstances before exercising its statutory authority to revoke Rosario's bond.

Even if a change in circumstance is required, though, the Court holds that DHS has shown such a change. DHS revoked Rosario's bond *after* denial of his application for asylum and *after* an immigration judge ordered him removed to Ecuador. Neither of these conditions existed when Rosario was granted bond two days before. Accordingly, the Court finds that DHS has shown a "change in circumstance" to the extent one is needed

## II.    Constitutional Relief

In the alternative, Rosario has argued that the revocation of his bond violated due process because DHS did not afford him "any meaningful pre-deprivation process." Record Document 11 at 6. The Magistrate Judge did not address this alternative argument because it granted Rosario statutory relief. *See* Record Document 9 at 5 ("The undersigned finds no need to address any claim or request for relief not addressed herein."). Rather than return the habeas petition to the Magistrate Judge for further consideration, this Court stays the proceeding.

A panel majority of the United States Court of Appeals for the Fifth Circuit recently issued an opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026) that substantively addressed the scope of the liberty interest against government detention afforded to illegal aliens under the Due Process Clause of the Fifth Amendment. Less than a week later, the Fifth Circuit vacated the *Sosnava Rodriguez* opinion and voted to rehear the case en banc.

In the Court's considered judgment, the Fifth Circuit's forthcoming en banc decision in *Sosnava Rodriguez* regarding the scope and application of the due process clause will likely be dispositive in this matter. Accordingly, the Court stays this matter until *Sosnava Rodriguez* has been resolved.

### Conclusion

For the above reasons, the Court sustains the objection to the Report and Recommendation and declines to adopt it. The case is stayed until further order of the Court.

**DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of July, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE